**Frank ORNELLAS, et al.**

v.

**The UNITED STATES.**

No. 543–80C.

United States Claims Court.

May 19, 1983.

Joe A. Mattos, San Jose, Cal., for plaintiff.

Marsha D. Peterson, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant. Jeffrey Kahn, Dept. of Agriculture, Washington, D.C., of counsel.

OPINION

MARGOLIS, Judge.

This case is before this Court on defendant's motion for summary judgment and plaintiffs' opposition, submitted with oral argument. Final briefing occurred on April 6, 1983. Plaintiffs, Frank Ornellas and Frank Ornellas, Jr., seek to recover $41,793.85 in Emergency Feed Program disaster assistance payments denied to plaintiffs by the Agricultural Stabilization and Conservation Service (ASCS) of the U.S. Department of Agriculture. During a drought in California, the President of the United States declared an emergency. Thereafter, plaintiffs purchased land as temporary pasture for their cattle, allegedly in reliance on the misrepresentation of a county ASCS official that the cost of feed from purchased land was eligible for emergency assistance. In fact, only the cost of feed from leased pasture or of purchased feed was eligible for assistance payments. ASCS California Notice DF–21 (February 4, 1977). Feed from purchased land was considered as feed on hand and was thus ineligible.

The ASCS originally granted assistance to plaintiffs and later rescinded the grant upon discovery that assistance payments were being made for feed from purchased land. The ASCS determined that the misinformation as to eligibility was not the determining factor in plaintiffs' decision to purchase pasture land. This determination was founded primarily on the conclusion that plaintiffs contracted to buy the pasture land prior to receiving the misinformation. Plaintiffs contend that the land was contracted for after the representation by the ASCS official.

Plaintiffs were notified in writing of the ineligibility determination on April 13, 1978 by the ASCS county committee. Plaintiffs requested reconsideration of this denial. After plaintiffs appeared with counsel, the county committee affirmed its decision on June 15, 1978. Plaintiffs appealed to the ASCS state committee. A hearing was held at which plaintiffs were represented by counsel, and Mr. & Mrs. Ornellas, Sr. testified. After consideration of the testimony, written submissions of counsel, and committee files, the state committee affirmed the county committee on December 6, 1978. Plaintiffs appealed, and the Deputy Administrator, State and County Operations, affirmed the state committee decision on June 5, 1979. Plaintiffs sought reconsideration, and the Deputy Administrator's determination was affirmed on September 11, 1979. Plaintiffs brought the instant action on October 6, 1980 contending that the denial of assistance payments was arbitrary and capricious. Plaintiffs claim an express or implied contract with the United States and reasonable reliance on the representations of the ASCS official which caused them to mistakenly purchase the pasture land and thus incur excess feed costs. This Court holds for the defendant finding that this Court lacks jurisdiction.

■ Under the Administrative Procedure Act, 5 U.S.C. §§ 500 *et seq.* (1976), a person who has suffered legal wrong or been adversely affected or aggrieved due to administrative agency action is entitled to judicial review, except to the extent a statute precludes review. 5 U.S.C. §§ 701(a)(1), 702 (1976). There must be clear and convincing evidence of Congressional intent to preclude judicial review. *Moore-McCormack Lines, Inc. v. United States,* 188 Ct.Cl. 644, 655–656, 413 F.2d 568, 575 (1969); *Abbott Laboratories v. Gardner,* 387 U.S. 136, 140–141, 87 S.Ct. 1507, 1510–1511, 18 L.Ed.2d 681 (1967).

■ The Emergency Feed Program was initially implemented under the provisions of the Disaster Relief Act of 1974 (Act), 42 U.S.C. §§ 5121 *et seq.* (1976).[1] Section 5148 of the Act provides:

> The Federal Government shall not be liable for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out the provisions of this chapter. 42 U.S.C. § 5148 (1976).[2]

This provision, on its face, clearly precludes federal governmental liability for its action or inaction in providing disaster relief.[3] ' "[W]hen language is clear and unambiguous it must be held to mean what it plainly expresses." ' *Sutherland Statutory Con-*

---

1. Plaintiffs contend that the Food and Agricultural Act of 1977, 7 U.S.C. § 2267 (Supp. I 1977), not the Disaster Relief Act of 1974, governs herein. On October 1, 1977 the Emergency Feed Program under the Disaster Relief Act was replaced by a similar program under the Food and Agricultural Act. The latter Act does not contain a nonliability provision.

   Plaintiffs' contention is without merit. First, the ASCS internal regulation defining eligibility for feed assistance, ASCS California Notice DF–21 (February 4, 1977), was in effect under the 1974 Act during the period plaintiffs applied for feed assistance. Also, all of plaintiffs' applications for feed assistance here in issue were submitted and approved prior to the October 1, 1977 effective date of the Food and Agricultural Act of 1977.

2. The nonliability provision in the 1974 Act remained unrevised since its first inclusion in the original Act of 1950.

3. The implementing regulation, 24 C.F.R. § 2205.16 (1977), contains identical prohibitory language.

**380**

*struction,* § 46.01 at 48 (4th ed. 1973). The legislative history of the nonliability provision reinforces the intent to bar governmental liability and thus preclude judicial review. Representative Whittington, Chairman of the House Public Works Committee, stated:

> We have further provided that if the agencies of the Government make a mistake in the administration of the Disaster Relief Act that the Government may not be sued. Strange as it may seem, there are many suits pending in the Court of Claims today against the Government because of alleged mistakes made in the administration of other relief acts, suits ... because citizens have averred that the agencies and employees of Government made mistakes. We have put a stipulation in here that there shall be no liability on the part of the Government. HR 8396, 81st Cong., 2d Sess., 96 Cong. Rec. 11895, 11912 (1950); *see also* Disaster Relief Act of 1974, Pub.L. No. 93–288, 1974 U.S.Code Cong. & Ad.News 2 at 3081.

Thus, Congress clearly manifested its intent to raise a statutory barrier to judicial review and specifically included this Court in that expression of intent. Additionally, the emergency assistance given under the Act constituted a gratuity. *D.R. Smalley & Sons, Inc. v. United States,* 178 Ct.Cl. 593, 597–598, 372 F.2d 505, 507 (1967), *cert. denied,* 389 U.S. 835, 88 S.Ct. 45, 19 L.Ed.2d 97 (1967). Liability should not be imposed on the federal government for discretionary acts or omissions of its agencies or employees in distributing benefits under such gratuitous programs. *Id.* Finally, there is no provision in the Act providing for judicial review.

In sum, this Court lacks jurisdiction in this case. The plain language of the applicable statute precludes federal governmental liability for mistakes in administration of the Act. No other provision in the Act allows for judicial review. There is clear and convincing evidence of Congressional intent to bar review. Finally, the gratuitous nature of the emergency assistance payments supports nonreviewability. Due

to this decision on the threshold issue of jurisdiction, it is unnecessary to reach the other issues raised in this case. Therefore it is

ORDERED, that defendant's motion for summary judgment is granted. The Petition and defendant's counterclaim for assistance overpayments in the amount of $3,973.25 are to be dismissed by the Clerk.

