STATE OF KANSAS, ex rel., Mike HAYDEN, Governor, Plaintiff,

v.

UNITED STATES of America; Federal Emergency Management Agency, a Federal Government Agency; Robert H. Morris, in his Capacity as Acting Director of the Federal Emergency Management Agency, Defendants.

Civ. A. No. 90–4080–S.

United States District Court,
D. Kansas.

Sept. 10, 1990.

**798**

A.J. Kotich, Dept. of Human Resources, Topeka, Kan., for plaintiff.

Lee Thompson, U.S. Atty., Connie R. DeArmond, Asst. U.S. Atty., Topeka, Kan., Arthur R. Goldberg, Peter Robbins, Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on motion of defendants, the United States of America, Federal Emergency Management Agency ("FEMA"), and Robert H. Morris as Acting Director of FEMA, to dismiss or, in the alternative for summary judgment. Defendants make several contentions in support of their motion. First, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendants contend that this court lacks subject matter jurisdiction over this action. In the alternative, defendants assert that this action should be dismissed under Rule 12(b)(6) for failure to state a claim. Last, defendants contend that even if plaintiff's complaint states a cognizable claim, defendants are entitled to summary judgment. Because this court finds that oral argument will not be of assistance in the disposition of this matter, plaintiff's request for oral argument is denied. D.Kan. Rule 206(d).

Two separate issues are before the court on defendants' motion: whether the plaintiff may maintain an action against defendants for relief for alleged violations of the procedural requirements of the Disaster Relief Act of 1974, 42 U.S.C. §§ 5121 *et seq.*, and if so, whether on the undisputed facts, defendants are entitled to summary judgment as a matter of law.

The relevant facts underlying this action may be briefly summarized as follows. On July 26, 1989, an explosion occurred at the Day and Zimmerman Ammunition Plant near Parsons, Kansas. As a result of this explosion, the ammunition plant was shut down and 604 of the 1,422 workers were laid off. The laid-off employees were paid state unemployment benefits for 26 weeks. Upon the exhaustion of state unemployment benefits, 480 employees remained unemployed. Because of needed repairs to plant facilities, it was anticipated that these workers would remain laid off until February of 1990.

On December 27, 1989, Governor Mike Hayden ("Governor Hayden") submitted a request to FEMA for the Parsons Area to be declared a "major disaster" area. Such a declaration would make federal unemployment benefits available to the laid-off employees. However, Governor Hayden's initial request was defective in several respects so that the request had to be resubmitted on January 9, 1990. By letter dated January 30, 1990, Robert H. Morris, Acting Director of FEMA ("Morris"), notified Governor Hayden that his request for declaration of "major disaster" was denied. On February 15, 1990, Governor Hayden directly appealed the denial to President George Bush ("The President"). Governor Hayden's appeal was denied and notification of the denial was again sent by a letter

signed by Mr. Morris, dated March 21, 1990.

For purposes of defendants' motion, the only controverted facts concern whether the decision to deny the "major disaster" declaration was made by the President or by Morris. Plaintiff contends that defendants are liable under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, because they did not follow the procedural requirements contained in the Disaster Relief Act of 1974, 42 U.S.C. §§ 5121 *et seq.* ("the Act"), and because defendants erroneously interpreted the requirements of the Act.

## I. Subject Matter Jurisdiction

On April 23, 1990, plaintiff filed this action invoking this court's jurisdiction pursuant to 5 U.S.C. § 702, 28 U.S.C. § 1331 and 42 U.S.C. § 5189a. In his complaint, plaintiff asserts that defendant, Federal Emergency Management Agency ("FEMA"), through its Acting Director, Robert H. Morris, made an erroneous interpretation of law; considered facts outside the record without giving the plaintiff an opportunity to respond; and unfairly allowed the same person who denied Governor Hayden's request (i.e., Morris) to deny the appeal. Plaintiff further alleges that the above conduct denied them procedural due process and that he is entitled to *de novo* review of FEMA's actions.

 In their motions to dismiss for lack of subject matter jurisdiction, defendants raise several challenges to the subject matter jurisdiction of this court. First, defendants assert that because the plaintiff is challenging the denial of Governor Hayden's request, the case should be dismissed because it fails to name President Bush as a defendant. President Bush is the only person with the statutory power to deny such a request. The court finds that under Section 5141 of the Disaster Relief Act the President is the only person to whom Congress has conferred the power to declare a "major disaster." Section 5141(b) provides in relevant part:

Based upon such Governor's request, the President may declare that a major disaster exists, or that an emergency exists.

By the express language of Section 5141(b), the President is the sole person empowered to deny or grant a request for declaration of major disaster. The court finds that the President has not delegated this authority to FEMA or its officials. Therefore, the President retains the power to grant or deny a request for declaration of "major disaster."

 In further support of their motion to dismiss for lack of subject matter jurisdiction, defendants contend that review of the President's decision to grant a request for declaration of major disaster is unreviewable under the Administrative Procedure Act, 5 U.S.C. § 701(a)(1)("APA"). Specifically, defendants allege that three exceptions under the APA preclude judicial review of this case. These are:

first, the statute itself precludes review; second, agency action is committed to agency discretion by law; and third, the complained of decision is not "agency" action within the meaning of 5 U.S.C. §§ 551(1), and 701(b).

Defendants' Brief at 17 (citing 5 U.S.C. § 701(a)(1)–(2) and § 701(b)). The Supreme Court has held that there must be clear and convincing evidence of Congressional intent to preclude judicial review under the APA. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 140–41, 87 S.Ct. 1507, 1510–12, 18 L.Ed.2d 681 (1967). The court finds that Section 5148 of the Act provides clear and convincing evidence of Congressional intent to preclude judicial review. This statutory provision states:

The Federal Government shall not be liable for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out the provisions of this chapter.

42 U.S.C. § 5148. Accordingly, the court finds the President's decision on a request for a declaration of major disaster is not subject to review by this court under 5

U.S.C. § 702 as the President's decision is a discretionary function statutorily precluded from judicial review. Therefore, the court lacks subject matter jurisdiction over the plaintiff's claims which seek to challenge the denial of Governor Hayden's request for a declaration of a major disaster. Consequently, the court will grant the defendants' motion to dismiss plaintiff's claim for review of the President's decision to deny the Governor's request for lack of subject matter jurisdiction.

■ However, because the pleadings raise an issue of who actually denied the request for declaration of major disaster, the court finds that resolution of the issue of judicial review of the President's decision does not settle the issue of subject matter jurisdiction over the plaintiff's complaint. Instead, the plaintiff has asserted a claim which concerns nondiscretionary functions or duties of FEMA and its officials under the Disaster Relief Act. Subject matter jurisdiction over such a claim involves a different analysis than the preceding discussion. First, the court finds that FEMA's conduct is subject to judicial scrutiny as FEMA is an "agency" within the meaning of 5 U.S.C. § 701(b)(1). This section provides:

> "agency" means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include—
>
> (A) the Congress;
>
> (B) the courts of the United States;
>
> (C) the governments of the territories or possessions of the United States;
>
> (D) the government of the District of Columbia;
>
> (E) agencies composed of representatives of the parties or of representatives of organizations of the parties to the disputes determined by them;
>
> (F) courts martial and military commissions;
>
> (G) military authority exercised in the field in time of war or in occupied territory; or
>
> (H) functions conferred by sections 1738, 1739, 1743, and 1744 of title 12; chapter 2 of title 41; or sections 1622, 1884, 1891–1902, and former section 1641(b)(2), of title 50, appendix; . . . .

5 U.S.C. § 701(b)(1). Because FEMA is an authority of the United States Government and because it is not included in the above list of entities excluded from the APA provisions, the court finds that FEMA is subject to judicial review.

■ The next inquiry is whether nondiscretionary functions or duties of FEMA and its officials pursuant to the Disaster Relief Act are subject to review. Section 701(a) of the APA provides:

> This chapter applies, according to the provisions thereof, except to the extent that—
>
> (1) statutes preclude judicial review; or
>
> (2) agency action is committed to agency discretion by law. (emphasis added).

Thus, whether judicial review of FEMA's actions is available also depends on Section 5148 of the Act. Read literally, this Section of the Act precludes judicial review for "discretionary function[s] or dut[ies]."

In *Rosas v. Brock*, 826 F.2d 1004 (11th Cir.1987), the Eleventh Circuit Court of Appeals addressed the impact of Section 5148 on judicial review. In *Rosas*, the plaintiff challenged the denial of unemployment benefits after the President had made declaration of major disaster. The court held that the denial of unemployment benefits pursuant to federal regulations was the type of discretionary action which Congress intended to insulate from judicial review. *Id.* at 1009. Thus, the court dismissed the plaintiffs' claims for violation of the statutory provisions of 42 U.S.C. §§ 5121 *et seq.* However, the court stated that immunity to judicial review was limited to discretionary functions of the agency. *Id.* at 1008. The *Rosas* court further held that Congress intended to shield from judicial review discretionary functions such as the promulgation and interpretation of federal regulations. *Id.* at 1009. Last, the court opined that the Constitution provides procedural mandates which Congress does not have the power to insulate from judicial

review. *Id.* See also *Ornellas v. United States*, 2 Cl.Ct. 378 (1983). The court concluded that 42 U.S.C. § 5148 precludes judicial review for "discretionary acts or omissions of its agencies." *Id.*

In applying this analysis, the court finds that an important distinction exists between the facts in *Rosas* and this case. The agency action in *Rosas* involved a denial of unemployment benefits after the President had granted a request for a declaration of major disaster. *Id.* at 1006. By executive order, the President has delegated the authority to grant individual requests for unemployment benefits pursuant to a presidential declaration of major disaster. *Id.* Accordingly, the decision whether to grant the individual request is a decision which must be made by FEMA officials. In contrast to *Rosas*, this case involves the initial determination of whether to declare a major disaster. As previously discussed, the President has not delegated his authority to make such a declaration. Consequently, FEMA and its officials do not have any discretion in the initial decision. Thus, any decision to not submit a request which allegedly complies with procedural requirements would be a decision which FEMA and its officials have no discretion to make, and would therefore, be subject to judicial review. Thus, the court finds that it has subject matter jurisdiction over the plaintiff's claim that its request for declaration of relief was not presented to the President for acceptance or denial, as the presentation of the Governor's request is not a discretionary function or duty of FEMA.

Moreover, because such an exercise of discretion by the defendants would be an action exceeding their statutory authority, this court finds that it has subject matter jurisdiction over allegations that FEMA and its officials have exceeded their statutory authority pursuant to 5 U.S.C. § 706(2)(C). See *Citizens Committee for Hudson Val. v. Volpe*, 425 F.2d 97 (2d Cir.1970), *cert. denied*, 400 U.S. 949, 91 S.Ct. 237, 27 L.Ed.2d 256 (1970) (district court has power to set aside agency action in excess of statutory authority). Therefore, the court will deny the defendants'

motion to dismiss for lack of subject matter over the plaintiff's claim that FEMA and its officials violated the statutory provisions of 42 U.S.C. §§ 5121, *et seq.*, by allegedly failing to present the request for declaration of major disaster to the President for his decision.

■ Defendants next assert that this court lacks subject matter jurisdiction because the plaintiff, in his representative capacity for the State of Kansas, lacks standing. Defendants contend that the plaintiff has suffered no injury, and thus, has no legal basis to challenge a violation of the Disaster Relief Act. The defendants argue that because the State of Kansas has suffered no injury, the court lacks subject matter jurisdiction as the plaintiff has not pleaded a "case" or "controversy." Defendants' argument is premised upon the fact that 42 U.S.C. § 5177 does not provide for a monetary grant to the State. Thus, the plaintiff has no entitlement or legal interest under the provisions of the Disaster Relief Act. In *Association of Data Processing Organizations, Inc. v. Camp, Comptroller of the Currency*, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970), the Supreme Court addressed a challenge to a ruling of the Comptroller of the Currency. In distinguishing the requirement of a cognizable legal interest from the issue of standing, the Court stated,

> [The] 'legal interest' test goes to the merits. The question of standing is different. It concerns, apart from the 'case' or 'controversy' test, the question whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.

*Id.* at 153, 90 S.Ct. at 830. The Court next looked to whether the aggrieved individuals' interests were within the "zone of interest" to be protected by Section 702 of the APA. The Court held that the individual complainants' injuries (i.e., economic harm) were within the zone of interests protected by the APA. *Id.* at 158, 90 S.Ct. at 832.

In this case, the plaintiff asserts standing based both upon his *parens patriae* powers as representative of the State of Kansas and on the allegation that Kansas is an intended beneficiary of the Disaster Relief Act. In *Massachusetts v. Mellon*, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923), the Court held that "[i]t cannot be conceded that a State, as *parens patriae*, may institute judicial proceedings to protect citizens of the United States from the operation of the statutes thereof." *Id.* at 485, 43 S.Ct. at 600. However, unlike the plaintiffs in *Mellon*, the plaintiff in this case is not challenging the validity of the federal statutes. Instead, plaintiff is seeking to enforce the provisions of the Disaster Relief Act. Under the modern-day doctrine of *parens patriae*, the concept of standing has been broadened to recognize that an injury may be suffered by a state when the statutory provisions of a federal act are violated. *Abrams v. Heckler*, 582 F.Supp. 1155, 1159 (S.D.N.Y.1984).

In ascertaining whether Governor Hayden has standing according to the *parens patriae* doctrine, the test is whether the state has "articulate[d] a 'quasi-sovereign' interest in the litigation distinct from that of any private party." *Id.* at 1160 (citing *Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592, 607, 102 S.Ct. 3260, 3269, 73 L.Ed.2d 995 (1982)). In *Alfred L. Snapp & Son, Inc.*, the Court recognized that a "State does have an interest, independent of the benefits that might accrue to any particular individual, in assuring that the benefits of the federal system are not denied to its general population." *Id.* at 608, 102 S.Ct. at 3269. Plaintiff contends that 42 U.S.C. § 5121(b) confers standing upon the state because it is named as an "express beneficiary" of the Disaster Relief Act in Section 5121(b) which states:

> It is the intent of the Congress, by this chapter, to provide an orderly and continuing means of assistance by the Federal Government *to State* and local *governments* in carrying out their responsibilities to alleviate the suffering and damage which result from such disasters ... (emphasis added).

The court finds that it is the express Congressional will that the Disaster Relief Act provide federal assistance to "State and local governments in carrying out their responsibilities to alleviate suffering and damage ..." 42 U.S.C. § 5121(b). Thus, the plaintiff has "articulate[d] an interest apart from the interests of particular private parties," and, therefore, the plaintiff has satisfied the standing requirement under the *parens patriae* doctrine. Moreover, the plaintiff has articulated a second basis for standing under the doctrine of *parens patriae* by its assertion of its interest in assuring that its citizens are not denied the "full benefit of federal laws designed to address [unemployment caused by disasters]." *Id.* at 610, 102 S.Ct. at 3270. Therefore, the court finds that the plaintiff has standing and, in accordance with the preceding section, has alleged a claim for which relief may be granted. Therefore, the court will deny defendants' motion to dismiss for lack of subject matter jurisdiction on grounds that the plaintiff lacks standing.

## II. *Failure to State a Claim*

█ Defendants next contend that plaintiff has failed to state a claim for which relief may be granted. The court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); *Mangels v. Pena*, 789 F.2d 836, 837 (10th Cir.1986). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.* The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

In plaintiff's complaint he alleges that FEMA's processing of the plaintiff's request for a declaration of major disaster denied the plaintiff procedural due process. Plaintiff bases this claim upon the following allegations: defendants made an erroneous interpretation of the law when interpreting 42 U.S.C. § 5177; unfairly and improperly allowed the same person who denied Governor Hayden's original request to determine and deny plaintiff's appeal; defendants considered facts outside the record without giving plaintiff an opportunity to respond; and defendants incorrectly relied upon the legislative history of a bill that was not enacted by the United States Congress. The plaintiff concludes that FEMA's actions precluded effective administrative review of the request and denied plaintiff procedural due process.

Although this court finds that the actual decision to grant or deny a request for declaration of major disaster is not subject to review by this court, the plaintiff's complaint pleads facts which raise an issue of whether FEMA complied with the procedural requirements of the Disaster Relief Act and whether FEMA and its officials exceeded their statutory authority by denying, as plaintiff alleges, the plaintiff's request rather than submitting the request to the President. Thus, the court finds that plaintiff's claim should not be dismissed for failure to state a claim.

### III. *Summary Judgment*

■ A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-

moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block,* 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

In viewing the evidence in the light most favorable to the plaintiff, the court finds that a genuine issue of fact exists regarding whether the plaintiff's request for a declaration of major disaster was submitted to the President for decision. The plaintiff has filed with its complaint a copy of the January 30, 1990, letter of Morris. Plaintiff asserts that this letter supports its allegation that the decision was not made by President Bush, but rather was made in violation of 42 U.S.C. § 5121, *et seq.* Mr. Morris' letter to the plaintiff states, "I must deny your request." In considering this evidence in the light most favorable to the plaintiff, an inference is raised that the denial of the request was made by Mr. Morris and not by President Bush. The defendant has replied to the plaintiff's allegations by submitting a copy of a memorandum which allegedly was sent to the President and initialed by him. Defendants contend that this memorandum accompanied the plaintiff's request for declaration of disaster. Clearly, an issue of fact exists as to whether the denial was made by President Bush or by the Acting Director of FEMA. Accordingly, the court finds that defendants have failed to carry

their burden of showing that there is no genuine issue of fact. Thus, the court will deny defendants' motion for summary judgment.

IT IS BY THE COURT THEREFORE ORDERED that the motion of defendants, the United States of America, Federal Emergency Management Agency, and Robert H. Morris, as Acting Director of the Federal Emergency Management Agency, to dismiss for lack of subject matter jurisdiction is hereby granted in part and denied in part, consistent with the above opinion.

IT IS FURTHER ORDERED that defendants' motion to dismiss for failure to state a claim, or in the alternative, for summary judgment is denied.