**STATE OF KANSAS, ex rel., Mike HAYDEN, Governor, Plaintiff,**

v.

**UNITED STATES of America; Federal Emergency Management Agency, a Federal Government Agency; Robert H. Morris, in his Capacity as Acting Director of the Federal Emergency Management Agency, Defendants.**

**Civ. A. No. 90–4080–S.**

United States District Court, D. Kansas.

Nov. 5, 1990.

A.J. Kotich, Dept. of Human Resources, Topeka, Kan., for plaintiff.

Lee Thompson, U.S. Atty., Connie R. DeArmond, Asst. U.S. Atty., Topeka, Kan., Arthur R. Goldberg, Peter Robbins, Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motion of defendants United States of America, Federal Emergency Management Agency ("FEMA"), and Robert H. Morris, as Acting Director of FEMA ("Morris") to reconsider or to alter or amend the court's Memorandum and Order of September 10, 1990. 748 F.Supp. 797. In its previous order, the court denied defendants' motion to dismiss, or in the alternative, motion for summary judgment.

Defendant's motion to reconsider is made pursuant to D.Kan. 206(f). A motion to reconsider gives the court the opportunity to correct manifest errors of law or fact and to review newly discovered evidence. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3rd Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). The decision to grant or deny a motion for reconsideration is committed to this court's discretion. *See Hancock v. Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988).

Defendants contend that the court erred in holding that a genuine issue of material fact exists. In the court's memorandum and order, the court concluded that plaintiff stated a claim and further concluded that a genuine issue of fact existed as to whether defendants had presented the plaintiff's request for declaration of a major disaster to the President for his decision. In defendants' present motion, defendants argue that whether the plaintiff's request for declaration of disaster was presented to the President for his decision is immaterial because plaintiff's complaint fails to state a claim. Accordingly, defendants assert that plaintiff's claim should be dismissed.

Defendants premise their assertion on the ground that plaintiff's failure to timely submit his request for declaration of major disaster constitutes a jurisdictional defect which completely bars plaintiff's claim un-

der applicable federal regulations, namely 44 C.F.R. § 206.36. This regulation provides in relevant part:

(a) When a catastrophe occurs in a State, the Governor of a State, or the Acting Governor in his/her absence, may request a major disaster declaration. The Governor should submit the request to the President through the appropriate Regional Director to ensure prompt acknowledgment and process. The request must be submitted within 30 days of the occurrence of the incident in order to be considered. The 30–day period may be extended by the Associate Director, provided that a written request for an extension is submitted by the Governor, or Acting Governor, during this 30–day period. The extension request will stipulate reasons for the delay.

44 C.F.R. § 206.36(a). In their motion to dismiss, defendants contend that plaintiff's request for declaration of major disaster is time-barred on its face because it was submitted after the 30–day period following the occurrence of the incident. Further, defendants state in their memorandum in support of their motion that, "[t]he denial letter repeated that, because the request for disaster relief had not been submitted within 30 days, it could not be granted." Defendants' memorandum, at 11. The court disagrees with defendants' interpretation of the denial letter, particularly with the interpretation that the basis for denial of plaintiff's request was lack of compliance with the 30–day submission requirement.[1] Despite the court's disagreement with defendants' interpretation of the Morris letter, the court finds that it must grant defendant's motion to reconsider. The court's conclusion is premised on its finding that Mr. Morris' apparent waiver of the 30–day submission period did not obviate the need for the plaintiff to submit a written request for an extension of time within the 30–day period as required by 44 C.F.R. § 206.36.

Upon reconsideration, the court finds that it erred in concluding that plaintiff's failure to comply with the 30–day, post-incident submission requirement was not a jurisdictional defect based on Morris' apparent waiver of the regulatory requirement. In order to determine whether plaintiff's failure to satisfy the regulatory requirement that he submit his request within 30 days of the "occurrence of the incident" is a jurisdictional defect, the court must answer two questions. The first question is whether or not the regulatory provision which requires submission of the request within 30 days of the occurrence of the incident is legally valid. The second question is whether defendant may be estopped from raising the regulatory requirement or whether this requirement may be waived by the defendants.

■ Plaintiff has challenged the validity of 44 C.F.R. § 206.36. In plaintiff's responsive memorandum, plaintiff argues that the 30–day, post-incident submission regulation is invalid because it is "superimposed" on the statutory scheme of the Disaster Relief Act, 42 U.S.C. § 5121 *et seq.,* providing for disaster relief funds. In reviewing the validity of an administrative regulation, the court must begin with the proposition that "[o]ne claiming a regulation is invalid has the heavy burden to make its invalidity so manifest that the court has no choice except to hold that the [agency] has exceeded its authority and employed means that are not at all appropriate to the end specified in the Act of Congress." *Review Comm., Venue VII, Commodity Stabilization Serv., U.S. Dept. of Agric. v. Willey,* 275 F.2d 264, 272, (8th Cir.1960), *cert. denied,* 363 U.S. 827, 80 S.Ct. 1597, 4 L.Ed.2d 1522 (1960). Moreover, the "regulation must be sustained if found to be reasonable and consistent with the statute." *King v. U.S.,* 545 F.2d 700, 706 (10th Cir.1976) (citing *Comm'r. of Internal Revenue v. South Texas Lumber Co.,* 333 U.S. 496, 68 S.Ct. 695, 92 L.Ed. 831 (1948)). More recently,

---

**1.** The court interprets the reference to the 30-day submission period to be a mere notation of the fact that the request was not submitted within 30 days as required by the regulatory provision. The apparent basis for denial of the plaintiff's request was that the unemployed workers were covered by state benefits. Defendants' memorandum, exhibit D.

the 10th Circuit Court of Appeals has stated that "regulation[s] promulgated by an administrative agency charged with the administration of an Act has the force and effect of law if it is reasonably related to administrative enforcement and does not contravene statutory provisions." *Joudeh v. United States*, 783 F.2d 176, 180 (10th Cir.1986) (citations omitted). Furthermore, "[d]eference is accorded administrative regulations." *Wyoming Hosp. Ass'n. v. Harris*, 727 F.2d 936, 939 (10th Cir.1984) (citation omitted).

FEMA was granted authority to promulgate regulations which are "necessary and proper to carry out any of the provisions of the [Act]" pursuant to 42 U.S.C. § 5201, and Executive Order No. 12148. Accordingly, so long as 44 C.F.R. § 206.36 is "reasonably related" to the administrative enforcement of the Disaster Relief Act, and so long as regulatory provisions do not "contravene" statutory provisions, 44 C.F.R. § 206.36 has the force and effect of law. *Joudeh*, 783 F.2d at 180. Defendants have asserted that this regulation was promulgated to separate out the less serious incidents from those which are "really sufficiently serious to warrant federal action." (Defendant's Reply Memorandum in Support of its Motion to Dismiss or in the Alternative for Summary Judgment, at 19). The rationale proffered by defendants for the 30–day submission period is that those incidents which are of "sufficient severity and magnitude to warrant major disaster assistance above and beyond emergency services by the Federal Government" will be apparent within 30 days following the "incident." The court finds the 30–day submission period to be reasonably related to the administrative enforcement of the Disaster Relief Act.

The next inquiry is whether the regulatory provision "contravenes" any statutory provisions of the Disaster Relief Act. In reviewing the statutory provisions of the Disaster Relief Act, the court finds the only statutory provision with which section 206.36 could possibly conflict is 42 U.S.C. § 5141. Title 42, Section 5141 provides:

**Waiver of administrative conditions.** Any Federal agency charged with the administration of a Federal assistance program may, if so requested by the applicant State or local authorities, modify or waive, for a major disaster, such administrative conditions for assistance as would otherwise prevent the giving of assistance under such programs if the inability to meet such conditions is a result of the major disaster.

The court finds that § 206.36 does not conflict with this statutory provision because this regulatory provision does provide a specific procedure for waiving the 30–day submission period which plaintiff failed to utilize (*i.e.*, submission of a written request for an extension of time). Thus, the court finds that plaintiff has not demonstrated the invalidity of regulation 44 C.F.R. § 206.36.

■ Accordingly, the court will proceed to whether defendants may be estopped from asserting this provision as a defense to plaintiff's claim. Although the doctrine of estoppel would in most instances preclude defendants from raising a statutory or regulatory time bar, in this case, because this action is against the United States and one of its agencies and officials in the exercise of a sovereign function, the doctrine of equitable estoppel *does not* apply. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 385, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947). Consequently, the defendants in this case may not be precluded from asserting the defense that plaintiff's request was barred by the 30–day submission requirement. Although cases decided by lower courts subsequent to *Federal Crop Ins. Corp.* have held that equitable estoppel may be asserted in cases involving affirmative misconduct of government officials, plaintiff has not alleged that defendants committed any affirmative misconduct in regard to misleading plaintiff about the status of his request for declaration of a major disaster.[2] In *Schweiker v. Han-*

---

2. To the contrary, the Regional Director of FEMA informed plaintiff that his request could be legally precluded because it was not submitted within 30 days. (Defendants' Memorandum in Support of Motion to Dismiss, or in the Alternative, for Summary Judgment, Exhibit B).

*sen,* 450 U.S. 785, 790–91, 101 S.Ct. 1468, 1471–72, 67 L.Ed.2d 685 (1981), the Supreme Court recently reaffirmed its position that equitable estoppel may not be asserted against the government in cases where plaintiff has failed to meet statutory or regulatory procedural requirements. Consequently, the court finds that plaintiff has failed to demonstrate any grounds which would permit the application of estoppel to the government in this case.

■ Moreover, because the regulatory provision, 44 C.F.R. § 206.36 has the force and effect of law, the 30–day submission requirement may not be waived except in accordance with the express provisions of 44 C.F.R. § 206.36. It is undisputed that plaintiff did not comply with the regulatory provisions which provide that plaintiff may request an extension in writing in order for the 30–day submission period to be extended. Therefore, the court finds that defendants have not waived the 30–day submission requirement, and thus, the plaintiff's request for declaration of disaster is precluded because it was not submitted in a timely manner. Accordingly, the court will grant defendants' motion for reconsideration.[3] Upon reconsideration, the court will grant defendants' motion to dismiss for failure to state a claim.

IT IS BY THE COURT THEREFORE ORDERED that the motion of defendants, the United States of America, Federal Emergency Management Agency, and Robert H. Morris, as Acting Director of the Federal Emergency Management Agency, for reconsideration is granted.

IT IS FURTHER ORDERED that defendants' motion to dismiss, or in the alternative, for summary judgment is granted.

---

**3.** Because plaintiff's claim is time-barred, the court will not address defendant's remaining arguments in support of their motion for reconsideration.