Edison BURGOS–MONTES. Plaintiff

v.

MUNICIPALITY OF YAUCO
Defendant and Third–
Party Plaintiff

v.

Federal Emergency Management
Agency Third–Party
Defendant

No. CIV. 03–1965.

United States District Court,
D. Puerto Rico.

Nov. 24, 2003.

Jose M. Pizarro–Zayas, United States Attorney's Office, Torre Chardon, San Juan, for Federal Emergency Management Agency (FEMA), third-party defendant.

## OPINION

LAFFITTE, Chief Judge.

Before the Court is third-party defendant Federal Emergency Management Agency's ("FEMA") motion to dismiss the third-party complaint filed by the Municipality of Yauco ("Municipality"). (Dkt.7). The Municipality has failed to oppose FEMA's motion.

### Standard for Motion to Dismiss

In ruling on a 12(b)(6) motion to dismiss, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Carparts Distribution Ctr., Inc. v. Automotive Wholesaler's Ass'n*, 37 F.3d 12, 14 (1st Cir.1994). A court should not dismiss a complaint for failure to state a claim unless it is clear that the plaintiff will be unable to prove any set of facts which would entitle it to recovery. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Miranda v. Ponce Federal Bank*, 948 F.2d 41, 44 (1st Cir.1991). This deferential standard is not a "toothless tiger." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir.1996). The court is not obliged to accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

### Procedural and Factual Background

This case arises out of a breach of contract suit initially filed in local court by the plaintiff Edison Burgos Montes ("Burgos"). Burgos was hired by the Municipality to assist with cleaning up debris leftover from torrential storms that devastated the Municipality in 2001. In answering the local court complaint, the defendant also filed a third-party complaint against FEMA asserting that the agency had approved the invoices for the work completed by Burgos. The Municipality further alleges that soon after approving the funds for the clean-up, FEMA cut its funding "in half without justification." Accordingly, the Municipality believes that "FEMA is liable to plaintiff Mr. Edison Burgos for any payment owed to him." (Dkt.6). In response to defendant's third-party complaint, FEMA, removed the case to this court pursuant to 28 U.S.C. Section 1442(a)(1). In addition, third-party defendants filed this motion to dismiss, alleging that the Court lacks jurisdiction over the action. (Dkt.7).

### Discussion

FEMA is an agency of the United States Government mandated to provide federal relief to victims of natural disasters. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). In this case, not only has the Federal Government not waived its immunity for claims against FEMA, but it has passed legislation expressly immunizing the agency from suit. Under the Stafford Act, which created the agency, the "Federal Government shall not be liable for any claim based upon the exercise of performance or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out the provisions of this chapter." 42 U.S.C. § 5148. In other words, Congress has "precluded judicial review of all disaster relief claims based upon the discretionary actions of federal employees." *Rosas v. Brock*, 826 F.2d 1004, 1008 (11th Cir.1987). *See also Ornellas v. United States*, 2 Cl.Ct. 378, 380 (1983) ("Congress clearly manifested its intent to raise a statutory barrier to judicial review and specifically included this Court in that expression of intent. Additionally, the emer-

gency assistance given under the Act constituted a gratuity...Liability should not be imposed on the federal government for discretionary acts or omissions of its agencies or employees in distributing benefits under such gratuitous programs.") Hence, FEMA is immune from the allegations made in the third-party complaint.

 Moreover, even if FEMA is not immune from suit, this Court still does not have jurisdiction over the claims brought by the third-party plaintiff. As third-party defendants correctly point out, "under the Tucker Act, 28 U.S.C. § 1491, the United States waived its sovereign immunity from non-tort claims for money damages and specified which courts could hear such claims. Claims against the United States exceeding $10,000.00 ('Big' Tucker Act claims), founded upon the Constitution, a federal statute, a regulation or contract, are in the jurisdiction of the Court of Federal Claims." *Charles v. Rice*, 28 F.3d 1312 (1st Cir.1994). The Municipality's third-party complaint alleges a breach of contract claim in excess of $10,000.00. Accordingly, as indicated under the Big Tucker Act, only the Court of Federal Claims has jurisdiction to hear these claims. For these reasons, the Court hereby dismisses the Municipality's third-party complaint. Since this Court does not have jurisdiction to hear the original complaint the Court also remands this case to the Ponce Superior Court.

**IT IS SO ORDERED.**