**Sabador ROSAS, on his own behalf and on behalf of all others similarly situated, Plaintiff-Appellant,**

v.

**William BROCK, in his official capacity as Secretary of the United States Department of Labor, et al., Defendants-Appellees.**

No. 86–3825.

United States Court of Appeals, Eleventh Circuit.

Sept. 8, 1987.

Michael Guare, Fla. Rural Legal Services, Inc., Bartow, Fla., for plaintiffs-appellants.

Dan F. Turnbull, Jr., Fla. Dept. of Labor & Employment Security, Tallahassee, Fla., for defendant-appellee Orr.

Dwight G. Rabuse, U.S. Dept. of Justice, Civil Div., Washington, D.C., for defendant-appellee Brock.

Before KRAVITCH and EDMONDSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

This case involves the question of whether federal courts have jurisdiction to review administrative eligibility decisions under the Disaster Relief Act of 1974, 42 U.S.C.A. sec. 5121, *et seq.* Sabador Rosas sued defendants in their official capacities in the United States District Court for the Middle District of Florida, challenging the denial of his application for benefits. The district court dismissed the action for lack of jurisdiction. Because we hold that the district court did have jurisdiction over certain of Rosas's claims, we affirm in part and reverse in part.

In January, 1985, a severe freeze damaged many agricultural crops in Florida. In March, the President declared several areas of Florida disaster areas. This declaration made available the benefits of the Disaster Relief Act (DRA), including Disaster Unemployment Assistance (DUA) benefits under 42 U.S.C.A. sec. 5177. The President had in 1974 delegated his DUA authority to the Secretary of Housing and Urban Development, Exec. Order 11,795, 39 Fed.Reg. 25939 (1974), who had in turn delegated the authority to the Secretary of Labor, 39 Fed.Reg. 33020 (1974). As required by the DRA, 42 U.S.C.A. sec. 5177(a), the Department of Labor and the State of Florida entered into an agreement whereby the State of Florida administered the DUA benefits. The designated state agency was the Florida Department of Labor and Employment Security.

At the time of the freeze, Plaintiff Rosas was unemployed, although he had been employed by the Coca-Cola Company in its orange groves. Before the freeze, Coca-Cola had placed Rosas on seasonal lay-off; but the company recalled him immediately after the freeze to help salvage as much fruit as possible. Coca-Cola later laid Rosas off again due to lack of work.

Rosas applied for DUA benefits, and his application was denied by a state claims examiner. Rosas appealed that decision, and a state appeals referee affirmed the denial because Rosas was not working or scheduled to begin working when the freeze actually occurred. Rosas then appealed that decision to the United States Department of Labor pursuant to 29 CFR sec. 625.10 (1985). On July 15, 1985, that department affirmed the denial of benefits to Rosas.

Rosas then filed this class-action suit in federal district court against William Brock, the Secretary of the United States Department of Labor; Wallace Orr, the Secretary of the Florida Department of Labor and Employment Security; and Lawrence Weatherford, the Regional Administrator of the Employment and Training Administration of the United States Department of Labor. Mr. Weatherford was the person responsible for affirming the decision of the state hearing officers to deny Rosas benefits. Rosas challenged the regulation defining "unemployed worker" as one working in or scheduled to begin work in the disaster area at the time of the disaster; he alleged that the definition violates constitutional, statutory, and regula-

tory provisions. The parties filed cross-motions for summary judgment. The district court granted summary judgment for the defendants on the ground that 42 U.S.C.A. sec. 5148 precludes judicial review of administration of the DUA program and that the district court therefore lacked subject-matter jurisdiction. Rosas then appealed to this court.

■ We turn first to the claims against William Orr, the Secretary of the Florida Department of Labor and Employment Security. Rosas alleges that Orr is responsible for the actions of the state employees in denying the DUA benefits and that those actions violated various statutory and constitutional provisions. The district court, however, would have jurisdiction over those actions only as provided in 42 U.S.C.A. sec. 1983. One prerequisite to suit under that statute is that the challenged action be taken under color of state law. In this case, the record leads us to the conclusion that the state employees were acting under color of federal, not state, law.

The state agency denied Rosas's claim for benefits on the basis of a federal rule defining an unemployed worker as one working in or scheduled to begin work in the disaster area at the time the disaster began. Because Rosas was laid off at the time of the freeze, the state appeals referee determined that he was not an eligible "unemployed worker." The rule that the referee applied is found in "ET [Employment and Training] Handbook No. 356, Disaster Unemployment Assistance (DUA)," a handbook published by the United States Department of Labor and used by all federal and state agencies administering the DUA program. The rule is based upon a regulation promulgated by the Department of Labor, 20 CFR sec. 625.2(s) (1985).

Although agreeing that the decision to deny benefits was based on federal regulations, Rosas argues that a decision to participate in a federal disaster relief program necessarily involves state action and that state employees administering DUA programs must base many of their decisions on state law. This is, to some degree, true.

It is certainly true that federal oversight of a state-administered federal program will not automatically preclude a finding that a state employee acted under color of state law. *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 398–400, 399 n. 13, 99 S.Ct. 1171, 1175–77, 1176 n. 13, 59 L.Ed.2d 401 (1979); *Martin v. Heckler*, 773 F.2d 1145, 1154 (11th Cir. 1985) (en banc).

Resolution of the issue, however, hinges on the specific action that caused the alleged deprivation of constitutional rights. The action in this case was a decision that Rosas was unentitled to benefits, and the state employees made that decision solely on the basis of federal regulations. Where the challenged action by state employees is nothing more than application of federal rules, the federal involvement in those actions is so pervasive that the actions are taken under color of federal and not state law. *Martin v. Heckler* at 1154, *citing Ellis v. Blum*, 643 F.2d 68, 82 n. 17 (2d Cir.1981); *Askew v. Bloemker*, 548 F.2d 673, 677–78 (7th Cir.1976). Accordingly, the federal courts have no jurisdiction of this case in respect to the state defendant; and the district court correctly dismissed the action as to him.

The claims against the federal defendants are a little more complex. "We begin with a strong presumption that Congress intends judicial review of administrative action." *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 106 S.Ct. 2133, 2135, 90 L.Ed.2d 623 (1986). Still, this "presumption favoring judicial review of administrative action is just that—a presumption. This presumption, like all presumptions used in interpreting statutes, may be overcome by specific language or specific legislative history that is a reliable indicator of congressional intent." *Block v. Community Nutrition Institute*, 467 U.S. 340, 344, 104 S.Ct. 2450, 2455, 81 L.Ed.2d 270 (1984).

The Administrative Procedures Act provides for judicial review of actions by federal administrative agencies, 5 U.S.C.A. sec. 702, unless "statutes preclude judicial review, or ... agency action is committed

to agency discretion by law." 5 U.S.C.A. sec. 701(a). In this case, the district court found that the Disaster Relief Act includes a statutory prohibition of judicial review. Section 308 of the Act provides:

> The Federal Government shall not be liable for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out the provisions of this chapter.

42 U.S.C.A. sec. 5148 (West 1976).

■ Rosas argues that this statute precludes only claims for damages and not, as in his case, declaratory and injunctive relief. We find this argument to be unpersuasive. The use of the phrase "liable for any claim" indicates not only Congress's concern that the government not have to pay damages, but also that it not be answerable in any way to claims arising out of discretionary actions. *Cf.* 19 U.S.C.A. sec. 507 (West Supp.1986) (defendant not liable "for any civil damages"); 42 U.S.C.A. sec. 2296 (West 1976) (U.S. not liable "for any damages or third party liability"). Furthermore, the legislative history of the statute[1] reveals that Congress was concerned not only about the possible costs of paying damages, but also the certain costs of defending suits arising from government relief. Of course, the costs of defense involve both energy expended by governmental administrators participating in litigation and money—money that might be otherwise available for direct disaster relief. By enacting 42 U.S.C.A. sec. 5148, Congress indicated its intent to preclude judicial review of all disaster relief claims based upon the discretionary actions of federal employees. Although we conclude that the courts are precluded from second-guessing many administrative decisions pursuant to the Disaster Relief Act, that conclusion does not justify the dismissal of all of Rosas's claims because not all of those claims involve the discretionary actions of defendants.

■ Rosas's first claim is that the rule restricting DUA benefits to those actually working or scheduled to work at the time of the disaster is unconstitutional. It is far from clear that Congress could prevent judicial review of unconstitutional agency action. *See, e.g., Michigan Academy of Family Physicians,* 476 U.S. at ——, —— n. 12, 106 S.Ct. at 2137, 2141 n. 12; *Campbell v. Office of Personnel Management,* 694 F.2d 305, 307 (3d Cir.1982) ("it is well-established that Congress cannot preclude judicial review of allegedly unconstitutional agency action").

Congress had no such intention when it enacted 42 U.S.C.A. sec. 5148. That statute prohibits judicial review of discretionary actions. There is no reason to believe that Congress ever intended to commit to an agency's discretion the question of whether or not to act constitutionally. The law now, as when section 5148 was enacted, is that adherence to constitutional guidelines is not discretionary; it is mandatory. Accordingly, section 5148 does not deprive the federal courts of jurisdiction of Rosas's constitutional claims; and the district court erred in dismissing those claims.[2]

■ Rosas also claims that the challenged rule is an improper interpretation of

---

**1.** When reporting on the Disaster Relief Act to the House of Representatives, Representative Whittington, Chairman of the House Public Works Committee, stated:

> We have further provided that if the agencies of the Government make a mistake in the administration of the Disaster Relief Act that the Government may not be sued. Strange as it may seem, there are many *suits pending* in the Court of Claims today against the Government because of alleged mistakes made in the administration of other relief acts, suits aggregating millions of dollars because citizens have averred that the agencies and employees

of Government made mistakes. We have put a stipulation in here that there shall be no liability on the part of the Government.

H.R. 8396, 81st Cong., 2d Sess., 96 Cong.Rec. 11895, 11912 (1950) (emphasis added).

**2.** The defendants urge us to dismiss Rosas' constitutional claims as insubstantial. We decline to do so, although we do not intimate that these constitutional claims will ultimately prove to be meritorious. The district court will be allowed to address directly the constitutional issues in the first instance.

the relevant federal regulations.[3] This claim, however, is beyond the jurisdiction of the federal courts. The Disaster Relief Act does not contain any guidelines for determining which workers are eligible for DUA benefits and which are not. In the absence of such guidelines, and in light of the potential for disruption of the administrative process, we must conclude that promulgation of the challenged rule is exactly the sort of exercise of discretion that Congress intended to insulate from judicial review. *See, e.g., Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 410, 91 S.Ct. 814, 821, 28 L.Ed.2d 136 (1971) (quoting S.Rep. No. 752, 79th Cong., 1st Sess. 26 (1945)) (lack of guidelines indicates discretionary duty).

Defendant Brock, in his capacity as Secretary of Labor, is responsible for the exercise of discretion that prompted the challenged rule and the federal regulation upon which it is based. *Cf., United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 811, 104 S.Ct. 2755, 2764, 81 L.Ed.2d 660 (1984) (under FTCA, discretionary function exception precludes judicial review of any government decision involving "policy judgment and decision"); *United States Fire Ins. Co. v. United States,* 806 F.2d 1529, 1535–37 (11th Cir.1986) (*id.*). Judicial review of that discretion is prohibited by 42 U.S.C.A. sec. 5148; therefore, the district court did not err in dismissing the regulatory claims against Defendant Brock.

■ Defendant Weatherford's actions are also insulated from judicial scrutiny. According to the record on appeal, Weatherford applied the rule that had been promulgated by the Department of Labor and determined that Rosas did not meet the appropriate criteria. Where a challenged action by a government employee is executed according to guidelines adopted at the policy-making level, that action is accorded the same immunity from scrutiny as the discretionary decision that prompted the guidelines.[4] *See, e.g., Dalehite v. United States,* 346 U.S. 15, 37–42, 73 S.Ct. 956, 969–71, 97 L.Ed. 1427 (1953) (similar analysis under FTCA discretionary function exception); *Drake Towing Co., Inc. v. Meisner Marine Const. Co.,* 765 F.2d 1060, 1065 (11th Cir.1985) (FTCA discretionary function exception). The district court did not have jurisdiction to consider the regulatory claims against Weatherford and did not err in dismissing those claims.

■ A similar analysis applies to Rosas's statutory claims. Rosas alleges that the Department of Labor promulgated the challenged rule in violation of 5 U.S.C.A. sec. 553. That statute provides that "[g]eneral notice of proposed rule making shall be published in the Federal Register" and that "the agency shall give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments,...." 5 U.S. C.A. sec. 553(b), (c). The government contends, however, that the challenged definition of "unemployed worker" is not a substantive rule, but is an interpretive rule that is not subject to sec. 553. *United States v. Palzer,* 745 F.2d 1350, 1357 n. 15 (11th Cir.1984); 5 U.S.C.A. sec. 553(b)(A).

We do not reach that issue because we find that the government's determination of whether its definition of "unemployed worker" is a substantive or interpretive rule involves the same sort of discretion and implicates the same policy considerations that exempt the decision from judicial review. The characterization of the definition was an integral part of the discretionary decision to adopt and promulgate it; therefore, it cannot be separated from the decision that we have declared to be exempt from judicial review. Put differently,

---

**3.** The challenged rule defines an unemployed worker as one working or scheduled to begin work at the time the disaster begins. The relevant federal regulation, promulgated by the Department of Labor, defines an unemployed worker as one "working or about to commence working" in the disaster area. 20 CFR sec. 625.2(s) (1985).

**4.** Additionally, defendant Weatherford's decision on Rosas's administrative appeal seems to be a quasi-adjudicative action involving discretion, in and of itself; but we do not rely on this because it is unnecessary to our decision.

if a discretionary decision is made without following mandated procedures, it is an abuse of discretion and, as such, protected from judicial review by section 5148. *Cf. Jayvee Brand, Inc. v. United States*, 721 F.2d 385 (D.C.Cir.1983) (failure of government to follow required notice and comment procedures within discretionary function exception to FTCA). The district court, therefore, did not err in dismissing the claim.

For all of the given reasons, the judgment of the district court as it relates to Rosas's statutory and regulatory claims is AFFIRMED. Insofar as the judgment disposes of Rosas's constitutional claims, we REVERSE and REMAND for further proceedings consistent with this opinion.