Rita Marie **LOCKETT**, Clemene Pierre, Bertha Cross, and Ralph Leamy, on behalf of Plaintiffs,

v.

**FEDERAL EMERGENCY MANAGEMENT AGENCY**, James Lee Witt, Director Federal Emergency Management Agency; Major Phil May, Regional Director, Federal Emergency Management Agency and Federal Coordinating Officer; and Paul W. Fay, Jr., Individual Assistance Officer and their successors in office, Defendants.

No. 93–1035–CIV.

United States District Court, S.D. Florida.

Aug. 9, 1993.

---

**3.** From *Poor Richard's Almanack,* published from 1733 to 1758, by Benjamin Franklin.

Terry A. Coble, Charles F. Elsesser, Legal Services of Greater Miami, Inc., Miami, FL, for plaintiffs.

Frank W. Hunger, Asst. Atty. Gen., Kendall Coffey, U.S. Atty., Wendy A. Jacobus,

Asst. U.S. Atty., Miami, FL, Felix V. Baxter, Peter Robbins, Attys., Dept. of Justice, Washington, DC, for defendants.

### ORDER ON MOTION TO DISMISS

ATKINS, Senior District Judge:

THIS CAUSE comes before the Court upon defendants' Motion to Dismiss (d.e. 16). The Court must determine whether the federal courts have jurisdiction to review the Federal Emergency Management Agency's administrative temporary housing eligibility decisions under 42 U.S.C. § 5174 (1993) of the Stafford Disaster Relief Act of 1974, 42 U.S.C. § 5121 *et seq.* (Stafford Act or Disaster Relief Act).

### I. BACKGROUND

On August 24, 1992, Hurricane Andrew swept through the southern tip of Florida, cutting a 30 mile-wide path of destruction. In its wake, Andrew destroyed many residential neighborhoods, leaving thousands of people homeless. Consequently, many of these people were forced to evacuate their homes and ask the government for shelter.

President Bush declared certain South Florida regions as disaster areas, thus invoking the provisions of the Disaster Relief Act. This decision allowed the hurricane victims to receive all such relief thereunder, including temporary housing assistance benefits under 42 U.S.C. § 5174.

Named plaintiffs are victims of Hurricane Andrew whose homes were destroyed by the hurricane. Plaintiffs challenge the defendants' systematic failure to provide Hurricane Andrew victims with the relief they are allegedly entitled under the Stafford Act.[1] Plaintiffs contend that defendants (1) failed

to provide them with actual housing, as prescribed under 42 U.S.C. § 5174(a), (2) failed to notify them of all types of housing assistance available, as required under 42 U.S.C. § 5174(e), and (3) implemented the statutes and regulations in an arbitrary and illegal manner by denying assistance based on a finding that another individual in the pre-disaster household received assistance. Plaintiffs seek declaratory and injunctive relief, on behalf of themselves and all others similarly situated, requiring defendants to abide by the requirements of the Stafford Act, its implementing regulations and the Due Process Clause of the Fifth Amendment to the United States Constitution.[2]

### II. INDIVIDUAL PLAINTIFFS

All four named plaintiffs are residents of Dade County, Florida, whose homes were destroyed by Hurricane Andrew. First, defendants denied plaintiff Rita Marie Lockett's (Lockett) application for federal disaster housing assistance based on a finding that another person in her pre-disaster household received insurance payments, even though Lockett did not receive any portion of the payments. Lockett is currently living with her children in a one room travel trailer. Next, plaintiff Clemene Pierre (Pierre) applied for federal disaster housing assistance and was found eligible to receive assistance. However, FEMA failed to provide her with housing. Pierre is currently living with her children in a one-room, mobile home sublet. The third plaintiff, Bertha Cross (Cross), also applied for temporary housing assistance. FEMA found Cross eligible for benefits; however, during the post-hurricane time frame, she alleges that defendants refused to provide her with actual housing until after

---

1. Defendants in the instant action include the Federal Emergency Management Agency (FEMA) and individual FEMA employees: James Lee Witt, Major Phil May and Paul W. Fay, Jr. Herein, they will collectively be referred to as "defendants" or "FEMA."

2. Plaintiffs seek to represent a class consisting of all persons residing in Dade, Broward, Monroe and Collier counties, Florida, on August 24, 1992, who have applied for, or will apply for disaster housing assistance under the Stafford Act. The class may be divided into two parts. The first group includes all victims otherwise

eligible for temporary housing assistance under 42 U.S.C. § 5174(a) who received only cash rental assistance pursuant to the cash-assistance rule, 44 C.F.R. § 206.101(g)(1). The second group is made up of those victims otherwise eligible for temporary housing assistance who were or will be denied, or were or will be requested to return, the assistance based solely upon a finding that another person in their pre-disaster housing unit received assistance (the single-household rule). This question will be addressed in a forthcoming Order on Class Certification.

they received notice that the tent city in which she was living was due to close. Cross alleges that defendants are threatening her with dispossession of the mobile home because of her inability to repay the cash assistance she received. Finally, plaintiff Ralph Leamy (Leamy) applied for temporary housing assistance and FEMA determined him eligible for benefits. Leamy received cash assistance, but FEMA provided Leamy with actual housing only after he was hospitalized for a stress-related condition. FEMA is now seeking repayment of the monetary assistance previously given to him.

### III. PROCEDURE

Plaintiffs filed this class-action suit against defendants, alleging that the policies and practices adopted by defendants have systematically prevented South Florida disaster victims from obtaining information and receiving housing assistance in the form of habitable dwellings as opposed to money payments. Plaintiffs assert that this has systematically precluded many low-income residents displaced by the hurricane from receiving any form of temporary housing assistance.[3] In a nine count complaint, plaintiffs allege that FEMA violated provisions of the Stafford Act, FEMA statutory guidelines, Administrative Procedure Act directives and constitutional guarantees. FEMA moves to dismiss the counts based on (1) the Court's lack of subject matter jurisdiction over the statute-based claims because actions taken thereunder are immune as discretionary functions; (2) plaintiffs' failure to exhaust administrative remedies; (3) plaintiffs' lack of entitlement to discretionary housing assistance; and (4) plaintiffs' lack of standing to challenge FEMA's compliance with notice requirements.

### IV. ANALYSIS

■ The Court must "begin with the strong presumption that Congress intends judicial review of administrative action." *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 670, 106 S.Ct. 2133, 2136, 90 L.Ed.2d 623 (1986); *Rosas v. Brock*, 826 F.2d 1004, 1007 (11th Cir.1987). The presumption may be surmounted if there is contrary congressional intent in specific statutory language or the legislative history. *Block v. Community Nutrition Institute*, 467 U.S. 340, 344, 104 S.Ct. 2450, 2453, 81 L.Ed.2d 270 (1984); *Rosas*, 826 F.2d at 1007.

### A. Judicial Review of Administrative Action

■ In the case *sub judice*, plaintiffs seek declaratory and injunctive relief from FEMA's decisions. Subject matter jurisdiction is present because it "arises under" the Stafford Act. 28 U.S.C. § 1331 (1982); *see Choctaw Mfg. Co. v. United States*, 761 F.2d 609, 615 (11th Cir.1985). The Administrative Procedures Act (APA), 5 U.S.C. § 701 *et seq.*, grants plaintiffs' their right to have a federal court review these administrative decisions;[4] however, review is only available if the administrative action is "final."[5]

---

**3.** At this time, it is not proper for the Court to consider the specific claims against the individual defendants with administrative responsibility for FEMA's response to the disaster because sufficient facts have not yet been presented to determine whether their actions are "insulated from judicial scrutiny." *Rosas v. Brock*, 826 F.2d 1004, 1009 (11th Cir.1987). Those claims are properly addressed upon summary judgment.

**4.** Section 10(a), 5 U.S.C. § 702 (1977) provides in pertinent part:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to

act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

**5.** Section 10(c), 5 U.S.C. § 704 (1977) provides:

Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsidera-

### 1. *Finality*

Plaintiffs claim that FEMA cannot or will not grant the requested relief and any challenge at the administrative level would be fruitless. Therefore, they contend that there is no need to exhaust administrative remedies. *See McCarthy v. Madigan,* ___ U.S. ___, ___ – ___, 112 S.Ct. 1081, 1087–92, 117 L.Ed.2d 291 (1992). Also, plaintiffs maintain that exhaustion of administrative remedies is unnecessary because FEMA is clearly acting in violation of its authorizing statute. *See Leedom v. Kyne,* 358 U.S. 184, 188–91, 79 S.Ct. 180, 183–85, 3 L.Ed.2d 210 (1958); *Skinner & Eddy Corp. v. U.S.,* 249 U.S. 557, 562–63, 39 S.Ct. 375, 377, 63 L.Ed. 772 (1919). On the other hand, FEMA claims that the decisions in question are not final because plaintiffs have not appealed their individual claims pursuant to 42 U.S.C. § 5189a (1993)[6] and 44 C.F.R. § 206.-101(m)(1) (1992).[7] With respect to the cash-assistance rule, FEMA states that since the decision-maker on administrative appeal has authority to waive the rule, 44 C.F.R. § 206.-101(g), finality has not been established.[8] FEMA also contends that caselaw and statutory language preclude review of single-household rule determinations under 44 C.F.R. § 206.101(e)(2) because the decision-maker has the discretion to decide whether "the size of the household requires that more than one residence be provided."[9] Because exhaustion is necessary under the program to obtain final agency action, FEMA argues that the Supreme Court's recent decision in *Darby v. Cisneros,* ___ U.S. ___, 113 S.Ct. 2539, 125 L.Ed.2d 113 (1993), is inapplicable.

Defendants maintain that plaintiffs are required to identify to this Court the specific section of 44 C.F.R. Part 206 which establishes that FEMA's initial decision to deny an application is other than final agency action. This is not true. This Court is free to impose an exhaustion requirement only if Congress has provided for such a condition. *Darby,* ___ U.S. at ___, 113 S.Ct. at 2543; *see McCarthy,* ___ U.S. at ___ – ___, 112 S.Ct. at 1087–92 (1992).

In *Darby,* the Supreme Court held that Section 10(c), 5 U.S.C. § 704, limits the "availability of the doctrine of exhaustion of administrative remedies to that which the statute or rule *clearly* mandates." *Id.* ___ U.S. at ___, 113 S.Ct. at 2544 (emphasis added). Therefore, courts' authority and liberty to impose additional exhaustion requirements as a prerequisite to judicial review are statutorily curtailed, depending upon those prerequisites specifically provided in the

tion, or, *unless the agency otherwise requires by rule* and provides that the action meanwhile is inoperative, for an appeal to superior agency authority. (emphasis added).

**6.** 42 U.S.C. § 5189a(a) states that "[a]ny decision regarding eligibility for, from, or amount of assistance under this subchapter may be appealed within 60 days after the date on which the applicant for such assistance is notified of the award or denial of award of such assistance."

**7.** 44 C.F.R. § 206.101(m)(1) provides in relevant part:

Occupants shall have the right to appeal a program determination in accordance with the following:
(1) An applicant declared ineligible for temporary housing assistance, an applicant whose application has been cancelled for cause, an applicant whose application has been refused because of late filing, and an occupant who received a direct housing payment but is not eligible for continued assistance ... shall have the right to dispute such a determination with-

in 60 calendar days following notification of such action.
FEMA, citing no relevant language, incorrectly contends that the appeal under this provision, unlike the provision addressed in *Darby v. Cisneros,* ___ U.S. ___, 113 S.Ct. 2539, 125 L.Ed.2d 113 (U.S.1993), is not optional at the discretion of the agency, but mandatory.

**8.** From the plain language of that section, this characterization is imprecise. The decision-maker only has authority to provide other forms of assistance "when existing rental resources are not available and repairs to the home will not make it livable in a reasonable period of time, or when the eligible applicant is unable to physically leave the home due to the need to tend crops or livestock." 44 C.F.R. § 206.101(g)(1).

**9.** Specifically addressing Lockett's claims, FEMA argues that Lockett purposefully negated any such finality on June 3, 1993, when she filed a formal administrative appeal under 44 C.F.R. § 206.101(m)(1) and subsequently received a favorable ruling after new factual information about her circumstances was obtained.

statute or rule. *Id.*. Agencies may avoid the finality of an initial administrative decision only if two conditions are met. First, an agency must adopt "a rule that an agency appeal be taken before judicial review is available, *and*, second, [the agency must provide] that the initial decision would be 'inoperative' pending appeal. Otherwise, the initial decision becomes final and the aggrieved party is entitled to judicial review." *Id.* at ——, 113 S.Ct. at 2547 (emphasis added).

■ The appeal procedures adopted by FEMA at 44 C.F.R. § 206.101(m)(1) fulfill neither of the two above criteria. Under the provision, only certain applicants have the right to dispute particular adverse determination on assistance.[10] Section 206.101(m)(1) only authorizes appeal of administrative decisions regarding eligibility, ineligibility, cancellation and refusal. The regulation is silent regarding an appeal where a recipient disputes the *type* of temporary housing assistance offered. The language does not mandate appeal before availability of judicial review nor does it state that the initial decision becomes inoperative pending appeal. Similarly, statutory language in 42 U.S.C. § 5189a does not *require* appeal from decisions regarding eligibility; it is couched in permissive terms.

Based upon the plain language of the statute and regulation, plaintiffs' claims do not require administrative exhaustion of remedies.[11] Exhaustion is not expressly required by the *statute*, nor does the *regulation* require appeal before review and compel the initial decision to be made inoperative pending that review. Therefore, this Court is "not free to impose an exhaustion requirement as a rule of judicial administration where [FEMA's determination of the type of housing assistance to be provided] has al-

ready become 'final' under § 10(c)." *Id.* at ——, 113 S.Ct. at 2548.

## 2. *APA Preclusion of Judicial Review*

■ Lack of finality of administrative remedies is not the only argument proffered by defendants in support of their Motion to Dismiss. Defendants maintain that 5 U.S.C. § 701(a) (1977) precludes judicial review of plaintiffs' claims in two additional ways. Defendants first contend that the Disaster Relief Act specifically provides that the administrative action taken by FEMA is exempt from judicial review. In the alternative, defendants suggest that the aforementioned "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410, 91 S.Ct. 814, 820, 28 L.Ed.2d 136 (1971). Plaintiffs respond, arguing that Section 308 of the Stafford Act does not preclude review of FEMA's decision to provide cash assistance instead of unoccupied habitable dwellings, "suitable rental housing, mobile homes, or other readily fabricated dwellings to" otherwise eligible disaster victims. 42 U.S.C. § 5174(a)(1)(A).[12] Upon examination of the pertinent statutory language, this provision indicates "that Congress sought to prohibit judicial review and ... is most certainly" clear and convincing evidence showing legislative intent to restrict access to judicial review. *Overton Park*, 401 U.S. at 410, 91 S.Ct. at 820; *Rosas*, 826 F.2d at 1008.[13] Furthermore, this Circuit previously determined that "use of the phrase 'liable for any claim' [in 42 U.S.C. § 5148] indicates not only Congress's concern that the government not have to pay damages, but also that it not be answerable in any way to claims arising out of discretionary ac-

10. *See infra* note 7.

11. As in *Darby*, "recourse to the legislative history of § 10(c) is unnecessary in light of the plain meaning of the statutory text." *Darby*, ——, 113 S.Ct. at 2545.

12. Section 308 of the Disaster Relief Act provides:

The Federal Government shall not be liable for any claim based upon the exercise or per-

formance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out the provisions of this chapter.

42 U.S.C.A. § 5148 (1983).

13. Accordingly, there is no need to inquire whether FEMA's decisions fall within the second exception for action "committed to agency discretion." *Compare Overton Park*, 401 U.S. at 410, 91 S.Ct. at 820.

tions." *Rosas*, 826 F.2d at 1008.[14] Therefore, the Court must examine whether any of the actions set forth in the complaint are discretionary and dismiss those falling under this category.

### 3. Constitutional Claims

Even where discretionary acts are precluded from judicial review, "[t]here is no reason to believe that Congress ever intended to commit to an agency's discretion the question of whether or not to act constitutionally. The law now, as when section 5148 was enacted, is that adherence to constitutional guidelines is not discretionary, it is mandatory." *Id.* Therefore, this Court has jurisdiction over the following claims alleging constitutional violations.

■ In claim three, plaintiffs allege that by failing to provide temporary housing assistance to otherwise eligible disaster victims as specifically stated in 42 U.S.C. § 5174(a)(1), defendants have violated the Due Process Clause of the Fifth Amendment by arbitrarily depriving plaintiffs of their entitlement to assistance. This constitutional claim is within the scope of judicial review of this Court and will not be dismissed. *See id.*

■ However, plaintiffs' first cause of action claims that FEMA is *required* under the Stafford Act to provide temporary housing to all eligible disaster victims. While plaintiffs concede that the President has discretion under 42 U.S.C. § 5174 to implement the temporary housing assistance program, plaintiffs submit that the president does not have discretionary authority to deny the entitlement to such housing once an individual has been found eligible according to stated criteria. Plaintiffs contend that the legislative history, statutory scheme and defendants' admissions all support such an entitlement, and any refusal to provide assistance is

a violation of the Act. This is not entirely true.

The plain language of the regulation provides that "[t]emporary housing assistance *MAY* be provided only when *both* of the following conditions are met...." 44 C.F.R. § 206.101(f) (emphasis added). This clearly shows that assistance is discretionary, not mandatory. Even where an applicant meets the requirements of eligibility, the language, by including the term "may," signifies that FEMA has the discretion to award that assistance, for it is a "common-sense principle of statutory construction" that "[t]he word 'may,' when used in a statute, usually implies some degree of discretion." *United States v. Rodgers*, 461 U.S. 677, 706, 103 S.Ct. 2132, 2149, 76 L.Ed.2d 236 (1983). Therefore, claim one is discretionary and this Court does not have jurisdiction to review it.

■ Plaintiffs allege three other constitutional causes of action against defendants. First, in claim five, plaintiffs maintain that the defendants' policy and practice of denying temporary housing assistance to otherwise eligible hurricane victims, based on a finding that another person in the pre-disaster housing unit received assistance, is inequitable and has the effect of discriminating against persons based on their economic status. This, they claim, is in violation of the anti-discrimination provisions of 42 U.S.C. § 5151(a) (1983) and 44 C.F.R. § 206.11.[15] Consequently, the Court has jurisdiction to hear this claim based upon the constitutionality, or lack thereof, of defendants' actions. *Rosas*, 826 F.2d at 1008.

■ Plaintiffs next avow in claim seven that defendants' policy and practice of denying temporary housing assistance to otherwise eligible hurricane victims, based on a finding that another person in the pre-disaster housing unit received assistance, without

---

14. This conclusion is buttressed by legislative history espousing a similar conclusion. *See id.* at 1008 n. 1; H.R. 8396, 81st Cong., 2d Sess., 96 Cong.Rec. 11895, 11912 (1950).

15. The Stafford Act provides that "the processing of applications, and other relief and assistance activities shall be accomplished in an equitable and impartial manner, without discrimination on the grounds of ... economic status." 42 U.S.C.

§ 5151(a). Further, FEMA's own regulations state that "[a]ll personnel carrying out Federal major disaster or emergency assistance functions, including ... the processing of applications ... shall perform their work in an equitable and impartial manner, without discrimination on the grounds of ... economic status." 44 C.F.R. § 206.11(b).

proof that the applicant actually received such assistance, (1) is unauthorized by the statute, (2) deprives hurricane victims to benefits to which they are statutorily entitled and (3) violates the statutory right of low-income hurricane victims not to be subjected to economic discrimination. Based on the reasoning above, the Court does not have jurisdiction to hear the first two sub-claims because they are discretionary, unreviewable agency determinations. *Id.* However, this Court does have jurisdiction to hear the last equal protection sub-claim. Therefore, only the last portion of claim seven survives defendants' Motion to Dismiss.

■■■ The final constitutional claim is found in the plaintiffs' ninth cause of action. Therein, plaintiffs maintain that FEMA has violated plaintiffs' Due Process rights guaranteed under the Fifth Amendment. Plaintiffs allege that FEMA failed to provide them with the notice required by both statute and regulation. The Stafford Act and federal regulations require that "[e]ach person who applies for assistance ... *shall be notified* regarding the type and amount of any·assistance for which such person qualifies." 42 U.S.C. § 5174(e) (emphasis added);[16] 44 C.F.R. § 206.101(q). Notice is mandated under these provisions; accordingly, plaintiffs have the right to such notice. Therefore, the ninth cause of action is within the jurisdiction of the Court and may not be dismissed.

■■■ A similar allegation is found in the eighth cause of action. The Act and regulations *require* each person who applies for assistance to be provided with notice regarding various points of information. *See infra* note 16. Plaintiffs charge defendants with failure to provide such notice to them. Establishing such a claim will occur during discovery, and review of the viability of that cause of action is appropriately done at a

later stage. Nevertheless, for the reasons supporting action number nine, this Court has jurisdiction to hear cause of action number eight.

### 4. *Statutory and Regulatory Claims*

■■■ Plaintiffs next challenge the propriety of the cash-assistance rule. Plaintiffs claim that because the hurricane decimated much of the local rental properties in south Dade County, temporary. housing assistance made in the form of money payments violated FEMA regulations because "existing rental resources [were] not available" after the hurricane. 44 C.F.R. 206.101(g)(1). FEMA's decision to disperse monetary assistance is just the kind of decision that Congress intended to be beyond the jurisdiction of the federal courts. In the absence of guidelines for determining which form of temporary housing to provide to a hurricane victim, the Court "must conclude that promulgation of the challenged rule is exactly the sort of exercise of discretion that Congress intended to insulate from judicial review." *Rosas*, 826 F.2d at 1009. Therefore, claim number two must be dismissed for lack of jurisdiction.

Plaintiffs present a second statutory claim in cause of action number four. Therein, plaintiffs assert that FEMA's policy and practice of denying temporary housing assistance to otherwise eligible hurricane victims, based on a finding that another person in the pre-disaster housing unit received assistance, without proof that the applicant actually received such assistance, violates the Stafford Act and constitutes an extra eligibility requirement not authorized by 42 U.S.C. § 5174.[17] Like cause of action number two above, inquiry into the propriety of these decisions is immune from judicial review be-

---

16. The information which must be provided includes:
 (A) all forms of such assistance available;
 (B) any specific criteria which must be met to qualify for each type of assistance that is available;
 (C) any limitations which apply to each type of assistance; and
 (D) the address and telephone number of offices responsible for responding.
 42 C.F.R. § 5174(c)(2).

17. In that claim, plaintiffs mistakenly characterize the statute stating that the Act provides that temporary housing assistance *shall* be provided to "persons who, as a result of a major disaster, require temporary housing." 42 U.S.C.A. § 5174(a). More correctly, that sub-section states that the "President *may* ... provide ... temporary housing ... or other dwellings." *Id.* (emphasis added).

cause FEMA's determinations are within its discretionary jurisdiction. Therefore, claim number four must be dismissed as outside this Court's jurisdiction.

 Finally, plaintiffs challenge FEMA's reliance upon 44 C.F.R. § 206.101, an "unpublished" policy, to deny temporary housing assistance to otherwise eligible hurricane victims based on a finding that another person in the pre-disaster housing unit received assistance, without proof that the applicant actually received such assistance. Plaintiffs claim that such denials violate the Administrative Procedure Act, 5 U.S.C. § 553 (1977), which protects individuals from being subjected to administrative actions affecting substantive rights based on unpublished rules. Defendants did not address this claim in any pleading. Consequently, the issue is not before the Court and, pursuant to Fed.R.Civ.P. 12(h), should be considered as waived. Nonetheless, the Court does not have to address whether the above policy is substantive or interpretive because it "involves the same sort of discretion and implicates the same policy considerations that exempt the decision from judicial review." *Rosas*, 826 F.2d at 1009. The head-of-household policy is part and parcel of the discretionary authority given to FEMA in 42 U.S.C. § 5174; thus, claim number six is not within the penumbra of this Court's jurisdiction and must be dismissed.

## V. *CONCLUSION*

For the reasons cited herein, it is

ORDERED AND ADJUDGED that defendants' Motion to Dismiss (d.e. 16) is hereby **GRANTED in part** and **DENIED in part.** Plaintiffs' causes of action numbers 1, 2, 4, 6 and the first two sub-parts of 7 are hereby dismissed for lack of jurisdiction. As to the remaining counts, the Motion to Dismiss is **DENIED.** It is further

ORDERED AND ADJUDGED that defendants' Motion for Protective Order and to Stay Discovery (d.e. 45) is hereby **DENIED.**

DONE AND ORDERED.