**Patrick TORRES, Plaintiff,**

v.

**GOVERNMENT OF THE UNITED STATES (FEDERAL EMERGENCY MANAGEMENT AGENCY AND UNITED STATES MARSHAL'S SERVICE), and Michael McEntee, Defendants.**

No. 97–53.

District Court, Virgin Islands, Division of St. Thomas and St. John.

Nov. 7, 1997.

Michael C. Dunston, St. Thomas, VI, for plaintiff.

Toni B. Florence, Assistant United States Attorney, St. Thomas, VI, for defendant.

## MEMORANDUM

MOORE, Chief Judge.

Before the Court is defendants' Motion to Dismiss, filed August 29, 1997. Oral argument was held on September 15, 1997.

This case stems from the aftermath of Hurricane Marilyn, which struck the island of St. Thomas with devastating force in September of 1995. Lieutenant Michael McEntee ["McEntee"], a St. Louis Police Officer, was deputized by the United States Marshal Service at the request of the Federal Emergency Management Agency ["FEMA"] and participated in the disaster recovery effort in the fall of 1995. His duties involved protect-

ing FEMA workers and property. On the morning of October 12, 1995, while driving a government-owned vehicle issued to him from the motor pool at FEMA's St. Thomas Disaster Field Office, and while in the course of performing his duties, McEntee was involved in an accident with a motor vehicle driven by plaintiff, Patrick Torres. This lawsuit ensued.

The United States Government moved to dismiss based upon a claimed preclusion from suit for acts stemming from the Disaster Relief Act of 1974.[1] The particular language relied upon is as follows:

> The Federal Government shall not be liable for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out the provisions of this chapter.

42 U.S.C. § 5148 (1995).

In reference to this act, the Chairman of the House Public Works Committee stated:

> We have further provided that if the agencies of the Government make a mistake in the administration of the Disaster Relief Act that the Government may not be sued. Strange as it may seem, there are many suits pending against: the Government because of alleged mistakes made in the administration of other relief acts.... We have put a stipulation in here that there shall be no liability on the part of the Government.

H.R. 8396, 81st Cong., 2d Sess., 96 Cong. Rec. 11895, 11912 (1950) (as quoted in *Rosas v. Brock*, 826 F.2d 1004, 1008 (11th Cir. 1987)). Defendants claim that this statement indicates "not only Congress' concern that the government not have to pay damages, but also that it not be answerable in any way to claims arising out of discretionary actions." Federal Defendants' Memorandum of Law in Support of Motion to Dismiss at 3.

The Court need not reach the question of Congressional intent regarding discretionary functions exercised under the Disaster Relief

---

1. Stafford Act, P.L. 93–288, 88 Stat. 143, codified as amended in scattered sections of title 42 of the United States Code.

Act because defendant McEntee was not engaged in the exercise of a discretionary function while driving the government vehicle on the morning of October 12, 1995. Accordingly, none of the defendants, not McEntee and not the United States nor any of its agencies, are protected by the exemption from liability provided by section 5148.

While there is little precedent to guide the Court in construing the "discretionary function" exemption in the Disaster Relief Act, the identical language is used for the same purpose in the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b), 2671–2680. "[T]his title shall not apply to(a) Any claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty...." 28 U.S.C. § 2680. Fortunately, the Supreme Court has established a two-part test to determine if an act falls within the discretionary function exemption embodied in section 2680 of the Tort Claims Act. *Berkovitz v. United States*, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). "[A] court must first consider whether the action is a matter of choice for the acting employee.... [C]onduct cannot be discretionary unless it involves an element of judgment or choice." *Id.* at 536, 108 S.Ct. at 1958. Second, it must be an action "based on considerations of public policy." *Id.* at 537, 108 S.Ct. at 1959. The Supreme Court has applied this test in a suit alleging negligent supervision of a savings and loan association. *United States v. Gaubert*, 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991).

> If one of the officials involved in this case drove an automobile on a mission connected with his official duties and negligently collided with another car, the exception would not apply. Although driving requires the constant exercise of discretion, the official's decisions in exercising that discretion can hardly be said to be grounded in regulatory policy.

*Id.* at 325 n. 7, 111 S.Ct. at 1275.

The United States Court of Appeals for the Third Circuit dealt with the military's decision to send supersonic flights over the city of Pittsburgh in the context of a claim under the Federal Tort Claims Act. *Ward v. United States*, 471 F.2d 667 (3d Cir.1973). In reversing the district court, the Court of Appeals found that ordering the flights was a protected act of discretion. The case was remanded for the district court to allow discovery to determine whether there may have been negligence in carrying out the operation of the overflight, which would not have been protected and may have caused the injury claimed by plaintiff. The court analogized the distinction between discretionary and non-discretionary acts or functions. "For example, ordering an army maneuver is a discretionary function, but the negligent operation of an army vehicle during such a maneuver is not." *Id.* at 670.

The same distinction pertains here. FEMA's decision to establish disaster assistance centers was the exercise of a discretionary function. The alleged negligent operation of a vehicle by a government employee driving between FEMA sites is the performance of a non-discretionary, operational function. In terms of *Berkovitz*, the decisions involved in driving a vehicle during the course of assisting in a disaster relief effort do not involve considerations of public policy. The elements of judgment and choice based on considerations of public policy come into play at the highest governmental level at which it is decided whether, where, how much, and to what extent disaster relief will be provided. Thus, the liability exemption under the Disaster Relief Act, 42 U.S.C. § 5148, is not available as a defense to the facts presented by the complaint in this case.

Finally, the Court also rejects defendants' claim that they are protected by sovereign immunity from suit simply because the Disaster Relief Act is involved. If Congress had intended every aspect of authorizing, implementing and operating a disaster relief effort to be outside of the waiver of immunity granted by the Federal Tort Claims Act, 28 U.S.C. § 1346(b), it would have used broader language than the identical discretionary function exemption contained in both acts, i.e. 28 U.S.C. § 2680 and 42 U.S.C. § 5148. This case falls squarely within the waiver of sovereign immunity granted by section 1346(b):

> the District Court of the Virgin Islands[ ] shall have exclusive jurisdiction of civil actions on claims against the United States,

for money damages ... [for] personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. . . .

## ORDER

This matter is before the Court based upon defendants' Motion to Dismiss, filed August 29, 1997. Oral argument was held on September 15,1997. For the reasons stated in the attached Memorandum, it is hereby

**ORDERED** that defendants' Motion to Dismiss is **DENIED**.